UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                              CASE NO. 15-mj-4342-DHH

JAMES FRANCIS CONNOR V
_____
            Defendant

**DEFENDANT JAMES FRANCIS CONNOR V**

**MOTION FOR RELEASE ON SPECIFIC CONDITIONS**

I.      **INTRODUCTION**

        Now comes the defendant and respectfully prays that this Court enter an order

releasing JAMES FRANCIS CONNOR V ("Connor") on conditions as set out below

pursuant to 18 U.S.C. §3142.  The defendant proposes a scenario that would involve strict

conditions for his release as follows:

1.      Release to the supervision of his parents James and Debra Connor 118 Penn Lane,

        Westchester, Pennsylvania;

2.      Place the defendant on the electronic monitoring program at the aforementioned

        sponsor's residence;

3.      Require the defendant to have daily telephone contact with the Pre-Trial Services

        Office of the United States District Court in Massachusetts and/or report on a

        regular basis to a designated law enforcement agency, pretrial services agency, or

        other agency.

4.     Require the defendant to refrain from possessing a firearm, destructive device, or other dangerous weapon;

5.     Require the defendant to refrain from all contact with the alleged victim, her friends, relatives, family or potential witness directly or indirectly through a third party, including but not limited to contact via the Internet and all other forms of social media including but not limited to Snapchat, Tumblr, Facebook and Twitter.

6.     Require the defendant's family to post a collateral bond in the form of cash in the amount of up to $10,000.

7.     Require the defendant to attend his classes at the Delaware Community College in Pennsylvania, when he is available to get enrolled back into the college.

8.     Order that the defendant refrain from violating any state, local or federal law;

9.     Order defendant to continue his mental health counseling with his licensed professional counselor at Delaware County Professional Services and sign a release so that verification can be made by Pre-Trial Services Office.

10.    Order that the defendant refrain from using alcohol, controlled drugs or any other narcotic substance;

11.    Allow the defendant to leave the premises of the sponsor's residence only for college classes, medical or mental health counseling or travel to Court appointments in Boston, Massachusetts, visits with his lawyer in Boston, Massachusetts, or visits to the Office of Pre-Trial Services in Boston.

Connor submits the following reasons outlined below in support for his request to be released.

## II.      <u>BIOGRAPHICAL INFORMATION AND PERSONAL HISTORY</u>

The defendant, a United States citizen, is nineteen years old and was born James Francis Connor V on December 15, 1995 to his parents James and Debra Connor. Connor has one sister, Taylor, age eighteen.  Connor resides with his mother, father and sister at the family home located at 118 Penn Lane, Westchester, PA.   At the time of his arrest he was on his way to attending his classes at the Delaware County Community College at the Exton campus where he is currently enrolled as a sophomore majoring in business.  He is a Dean's List student.  At the time of him arrest, Connor also maintained part-time employment at Rite-Aid, a pharmacy located a few miles away from his residence.  Connor was recently promoted to Shift Supervisor at the pharmacy.

In the past, Connor has worked for Giant grocery store and he worked for his father's company, Neutronic's Inc., as a mechanical assembler.  Connor's parents report that Connor is "caring and compassionate person", and he is very interested in "sports and music." He is well-liked by fellow employees at his job.  They report having a very good and close relationship with Connor.  Connor is an active member of the Advent Lutheran Church of Westchester, PA where he is involved in the Youth Group (Bible Study) and the Praise Team as a lead singer and a guitar player.

Connor successfully graduated from Westchester East High School where he was a four year member of the marching band and two year member of the drum line.  He also volunteered as a "wind technician" for the marching band in 2015.

## III.      <u>CRIMINAL HISTORY</u>

Connor reports that, prior to this case, he has never been arrested or charged with a crime anywhere.

IV.   **ALLEGED OFFENSE CONDUCT**

The present complaint filed in the United State District Court in Boston, Massachusetts has been supported by an accompanying affidavit of FBI Special Agent Brendan C. Fogerty.  The affidavit references an investigation into activity in violation of Title 18, United States Code, Section 875(d) (extortion) by Connor by transmitting communications via Twitter and text message threatening to public disseminate naked pictures of the alleged victim, a sophomore at a university within the District of Massachusetts.  The affidavit states that the alleged victim and Conner met in 2012 through Tumblr and developed an online relationship.  The two have never met in person but the relationship turned romantic and the alleged victim and Conner frequently used Snapchat and FaceTime to send naked photographs and/or perform sexual acts on video in front of each other.  The affidavit recounts that at first this was consensual but that changed near the Spring of 2013 when Connor is alleged to have forced her to send naked pictures and engage in sexual video chats against her will by threatening to tell her parents that they were still in a relationship together.

The affidavit also states that the alleged victim continued to have occasional communications with Connor in Fall 2014 but that by the Summer of 2015 she told Connor that she no longer wanted any type of relationship with him.  Connor is alleged to have become upset with this news and at one point in a telephone call between the two threated to rape her.  Subsequently the alleged victim informed Connor that she was in a new relationship and Connor reportedly became upset and aggressive and demanded that she maintain contact with him and engage in a similar picture/video sharing arrangement as one he previously demanded and end her new relationship with her current boyfriend.

Connor reportedly contacted the alleged victim's fifteen year-old cousin, another

university student, and a male from her high school class telling them through Twitter

that he had pictures of her that would confirm that she was cheating on her new boyfriend

with him.  The affidavit also recites direct messages reportedly send by Connor to the

alleged victim threatening to come to Boston from Westchester, Pennsylvania and go on

a rampage if she did not give in to his demands.

## V.      PRETRIAL RELEASE OF THE DEFENDANT

United States Code Title 18, Section 3142 (a) and (c) provide in relevant part:

a) In General.—Upon the appearance before a judicial officer of a person charged with an
offense, the judicial officer shall issue an order that, pending trial, the person be—
(1) released on personal recognizance or upon execution of an unsecured appearance
bond, under subsection (b) of this section; (2) released on a condition or combination of
conditions under subsection (c) of this section; (3) temporarily detained to permit
revocation of conditional release, deportation, or exclusion under subsection (d) of this
section; or (4) detained under subsection (e) of this section.

(c)Release on Conditions. (1) If the judicial officer determines that the release described
in subsection (b) of this section will not reasonably assure the appearance of the person as
required or will endanger the safety of any other person or the community, such judicial
officer shall order the pretrial release of the person—(A) subject to the condition that the
person not commit a Federal, State, or local crime during the period of release and
subject to the condition that the person cooperate in the collection of a DNA sample from
the person if the collection of such a sample is authorized pursuant to section 3 of the
DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a); and
(B) subject to the least restrictive further condition, or combination of conditions, that
such judicial officer determines will reasonably assure the appearance of the person as
required and the safety of any other person and the community, which may include the
condition that the person—(i) remain in the custody of a designated person, who agrees
to assume supervision and to report any violation of a release condition to the court, if the
designated person is able reasonably to assure the judicial officer that the person will
appear as required and will not pose a danger to the safety of any other person or the
community; (ii) maintain employment, or, if unemployed, actively seek employment;
(iii) maintain or commence an educational program; (iv) abide by specified restrictions
on personal associations, place of abode, or travel; (v) avoid all contact with an alleged
victim of the crime and with a potential witness who may testify concerning the offense;
(vi) report on a regular basis to a designated law enforcement agency, pretrial services
agency, or other agency; (vii) comply with a specified curfew; (viii) refrain from
possessing a firearm, destructive device, or other dangerous weapon; (ix) refrain from

excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as
defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a
prescription by a licensed medical practitioner; (x) undergo available medical,
psychological, or psychiatric treatment, including treatment for drug or alcohol
dependency, and remain in a specified institution if required for that purpose;
(xi) execute an agreement to forfeit upon failing to appear as required, property of a
sufficient unencumbered value, including money, as is reasonably necessary to assure the
appearance of the person as required, and shall provide the court with proof of ownership
and the value of the property along with information regarding existing encumbrances as
the judicial office may require; (xii) execute a bail bond with solvent sureties; who will
execute an agreement to forfeit in such amount as is reasonably necessary to assure
appearance of the person as required and shall provide the court with information
regarding the value of the assets and liabilities of the surety if other than an approved
surety and the nature and extent of encumbrances against the surety's property; such
surety shall have a net worth which shall have sufficient unencumbered value to pay the
amount of the bail bond;(xiii) return to custody for specified hours following release for
employment, schooling, or other limited purposes; and (xiv) satisfy any other condition
that is reasonably necessary to assure the appearance of the person as required and to
assure the safety of any other person and the community.

Connor argues that his strong family ties and deep roots in his community
including his educational opportunities that he has taken advantage of and his gainful
employment, his past participation in school and community based activities, and lack of
any criminal history strongly support that there aforementioned strict conditions of
release which will reasonably assure his appearance as required in this case and will serve
to protect against the defendant endangering the safety of any other person or the
community.  Connor has never met the alleged victim in person.  He has resided in
Pennsylvania his entire life.  His schooling, church, family and employment ties are all
connected to the Pennsylvania.  This is where physical universe has existed for 19 years.
Aside from his arrest associated with this case Connor has been a good student and a
model citizen.  There is no strong probability that he will either commit additional crimes
nor is there a reasonable presumption that he is a flight risk in this case.

## VI.   CONCLUSION

The information provided regarding Connor's personal history, including education, employment, community and family ties present a compelling argument that the defendant is a worthy candidate for release on the proposed conditions suggested by the defense.

For the reasons above, the defendant asks the Court to adopt the conditions outlined above and release the defendant pending the prosecution of this matter.

Respectfully submitted,
JAMES FRANCIS CONNOR V,
By his lawyer,

/s/ Patrick J. Murphy
**Patrick J. Murphy, Esq.**
**BBO# 566206**
**Law Office of Patrick J. Murphy**
170 Milk Street, Fourth Floor
Boston, MA 02109
Tel. 617-367-0450
Fax 617-275-8000
Email: pmurphy.esq@gmail.com

DATED:  October 12, 2015

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA


v.                              CASE NO. 15-mj-4342-DHH


JAMES FRANCIS CONNOR V
_____
              Defendant

CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2015 a copy of Defendant's Motion for
Release on Specific Conditions filed electronically and served by mail on anyone
unable to accept electronic filing. Notice of this filing will be sent by mail to all
parties by operation of the Court's electronic filing system or by mail to anyone
unable to accept electronic filing as indicated on the Notice of Electronic Filing.
Parties may access this filing through the
Court's CM/ECF System.


/s/ Patrick J. Murphy
Patrick J. Murphy, Esq.
170 Milk Street, Fourth Floor
Boston, MA 02109
Phone: 617-367-0450
Fax: 617-275-8000
Email: pmurphy.esq@gmail.com
BBO#566206